IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 cr 12-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WILLIE DAVIS. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard before the undersigned, pursuant to a letter (#42) sent by Defendant to the Court which the Court has considered as a motion for substitution of counsel. Upon the call of the matter on for hearing it appeared the Defendant was present with his attorney, Julia G. Mimms and the Government was present and represented by Assistant United States Attorney Tom Ascik. From the statements from Ms. Mimms and the statement of the Defendant, the Court makes the following findings:

**Findings.** After calling this matter on for hearing, the undersigned presented the issue of whether or not during the hearing of the motion for substitution of counsel there could possibly be disclosed confidential communications between Defendant and his counsel. The undersigned then directed that a sealed proceeding be held in regard to the motion and further removed all persons from the courtroom, including Mr. Ascik. The undersigned then conducted an inquiry to determine the

1

reasons why the Defendant does not wish for Ms. Mimms to represent him further in this matter. That inquiry and discussion shall appear of record and may be disclosed upon appropriate court order. After conducting the inquiry, the undersigned then went into open session and conducted further hearings.

An examination of the file in this matter shows that Defendant is charged with possession of a firearm by a convicted felon. Defendant entered a plea of guilty to that offense and the Final Presentence Report (#40) was filed in this matter on June 25, 2015. The record further shows that Ms. Mimms has filed objections to the Presentence Report and has been diligent in representing the Defendant in this matter.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion to withdraw should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why the Defendant no longer wishes for Ms. Mimms to represent him; and (3) whether or not there is such a

2

conflict between the Defendant and Ms. Mimms that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of this motion, the sentencing of Defendant had not been scheduled, but a Final Presentence Report had been prepared. It is the opinion of the undersigned that there is not sufficient time to appoint another attorney who has the knowledge of this matter that Ms. Mimms possesses. This factor must be weighed against granting the motion.

The undersigned made an inquiry as to the reasons for the conflict between the Defendant and Ms. Mimms. That inquiry shall appear in the records of the sealed proceeding. It appears from the inquiry, however, there is no conflict between Defendant and Ms. Mimms and Ms. Mimms is providing good representation in this matter.

The undersigned has further examined this matter to determine whether or not there is such a conflict between Ms. Mimms and the Defendant that is a total lack of communication between them preventing an adequate defense. It does not appear that such a conflict exists between Ms. Mimms and Defendant. Indeed, after the Court conducted an inquiry, Defendant requested that he be allowed to withdraw his motion for substitution of counsel.

After considering all of the above factors, it appears there is little time before sentencing in which to appoint other counsel who has knowledge of this case that Ms. Mimms possesses; that as a result of the inquiry made by the undersigned, the undersigned cannot find good reason for the appointment of another attorney and there does not appear to be a lack of communication between Defendant and Ms. Mimms that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the motion for substitution of counsel.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the letter (#42) of Defendant which has been considered as a motion for substitution of counsel is **DENIED.**

Signed: July 8, 2015

_____
Dennis L. Howell
United States Magistrate Judge