IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:16-cv-00065-MR
Criminal Case No. 1:14-cr-00012-MR-DLH-1

| | |
|---|---|
| WILLIE DAVIS, | ) |
| Petitioner, | ) |
| v. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [CV Doc. 1].[1] The Government has filed its Response thereto. [CV Doc. 10]. For the reasons stated herein, Petitioner's § 2255 motion will be granted in part and denied in part.

## BACKGROUND

On March 19, 2014, Petitioner was indicted by the Grand Jury for the Western District of North Carolina on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 1].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-65-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:14-cr-12-MR-DLH-1.

On June 18, 2014, Petitioner pleaded guilty to this offense. [CR Docs. 18; 21]. Following Petitioner's guilty plea, the probation office prepared a presentence report which concluded, inter alia, that Petitioner qualified to be sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and USSG § 4B1.4. [CR Doc. 40 at ¶¶ 18, 24-25]. Such designation carried with it a statutory mandatory minimum sentence of 180 months. As a result, the low end of Petitioner's otherwise applicable Guidelines range of 168 to 210[2] months' imprisonment was statutorily elevated resulting in his sentencing range becoming 180 to 210 months' imprisonment. [Id. at ¶¶ 82-83].

At sentencing, after granting the Government's motion filed pursuant to 18 U.S.C. § 3553(e), the Court sentenced Petitioner to a term of 110 months' imprisonment. [CR Docs. 46 and 47]. Petitioner did not appeal.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing.

---

[2] Based on a total offense level of 30 and a criminal history category VI.

Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

In his § 2255 motion to vacate, Petitioner asserts two grounds for relief. First, he challenges his designation as an Armed Career Criminal contending that two of his predicate convictions – two counts of North Carolina common law robbery – no longer qualify as violent felonies under the now-infirm residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). [CV Doc. 1 at 1-2]. Next, he contends that he received ineffective assistance of trial counsel.[3] [Id. at 3-5]. As to his first ground, Petitioner relies on United States v. Gardner, 823 F.3d 793, 803-04 (4th Cir. 2016) (concluding that, as a categorical matter under the Armed Career Criminal Act's force clause, North Carolina common law robbery does not contain as an element the use, attempted use, or threatened use of physical force against the person of another and thus cannot serve as a predicate under the Act).

In its response, the Government concedes that Petitioner's 1993 convictions for North Carolina common law robbery no longer qualify as violent felonies under the Armed Career Criminal Act pursuant to Gardner. [CV Doc. 10 at 3-4]. Further, the Government concedes that, without such

---

[3] As will be discussed infra, the Government concedes Petitioner's first claim. Given this concession, Petitioner's ineffective assistance claim, which seeks the same relief, is moot. Accordingly, this claim will be dismissed.

3

predicate convictions, Petitioner's motion to vacate should be granted as to this claim and that he should be resentenced without the Armed Career Criminal enhancement. [Id.].

## CONCLUSION

For the reasons stated herein, the Court concludes that Petitioner no longer qualifies as an Armed Career Criminal and should therefore be re-sentenced without application of such sentencing enhancement. Accordingly, the Court will grant the Petitioner relief on his first § 2255 claim. Further, the Court concludes that Petitioner's ineffective assistance of counsel claim is moot. Accordingly, the Court will dismiss Petitioner's second § 2255 claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that the first claim contained in Petitioner's Motion to Vacate [CV Doc. 1 at 1-3] is **GRANTED** and his sentence is hereby **VACATED.** The second claim contained in Petitioner's Motion to Vacate [CV Doc. 1 at 3-4] is **DENIED as moot** and such claim is hereby **DISMISSED.**

**IT IS FURTHER ORDERED THAT:**

1. Petitioner shall remain in the custody of the Federal Bureau of Prisons and/or the United States Marshals Service pending his resentencing

hearing.

2.   The U.S. Probation Office is directed to prepare a Supplemental Presentence Report and file the same in the criminal case.

3.   The Federal Defenders of Western North Carolina shall represent Petitioner at his resentencing hearing.

4.   The Clerk of Court is directed to certify copies of this Order to the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

5.   Petitioner's resentencing hearing date shall be established by subsequent Order of the Court.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 2, 2016

Martin Reidinger
United States District Judge