**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00012-MR-DLH**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WILLIE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to reconsider or modify his sentence. [Doc. 61].

On August 2, 2016, the Court granted the Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 in light of United States v. Gardner, 823 F.3d 793, 803-04 (4th Cir. 2016), and ordered him to be resentenced without application of the Armed Career Criminal Act. [Doc. 53]. The Defendant was resentenced on October 13, 2016, to a term of 57 months' imprisonment to run consecutively to any other term of imprisonment previously or thereafter imposed by any state or federal court. [Doc. 59]. The Defendant did not file a direct appeal. The Defendant now moves the Court to "reconsider its denial of Defendant's request for departure under

U.S.S.G. § 5G1.3 and to adjust [his] sentence for the discharged sentence." [Doc. 61 at 2].

The Defendant's motion must be denied. The Court may "reconsider" or modify a criminal judgment only in limited circumstances. Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. There is, however, no clerical error in the Court's Judgment that requires correction in this instance. The other provision allowing for the modification of a judgment is 18 U.S.C. § 3582(c). Pursuant to that section, the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of the

circumstances set out in Rule 36 or § 3582 are applicable in the present case. Accordingly, the Defendant's motion for a reconsideration or modification of his sentence must be denied.[1]

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 61], which the Court construes as a motion to reconsider or modify his sentence, is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 30, 2017

Martin Reidinger
United States District Judge

---

[1] As for the calculation of the credit allegedly owed to the Defendant for time served, such calculation is performed by the Bureau of Prisons, not the sentencing court. See United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Miller, 49 F.Supp.2d 489, 492 (E.D. Va. 1999). As such, the Court cannot award the Defendant any credit for the time he served while in state custody. Since the Defendant's state charges were related to other crimes, the Defendant's motion at sentencing pursuant to U.S.S.G. § 5G1.3 was denied. That ruling cannot now be changed.